# Freemansburg Building & Loan Association *v.* Billig, Appellant.

*Mortgage—Scire facias—Death of mortgagor—Judgment—Opening judgment—Laches.*

Two returns of nihil are equivalent to a return of scire feci, and the legal validity of a judgment entered thereon for want of an appearance cannot be impeached by evidence that the mortgagor was dead. This well-established rule does not prevent the exercise by the court of its equitable powers to open the judgment, where justice requires it, and prompt application is made. If tender is alleged as a ground for opening the judgment, the evidence to establish it must be clear and satisfactory, and it must be shown to have been kept good. If there is a delay of two years from the time of the alleged tender and the entry of the judgment, and a further delay thereafter of several months, the judgment will not be opened.

Argued Dec 5, 1905. Appeal, No. 33, Oct. T., 1905, by plaintiff, from order of C. P. Northampton Co., Dec. T., 1901, No. 93, dismissing rule to open judgment in case of Freemansburg Building & Loan Association to the use of J. Steward Schick et. al., now to the use of Mary Keen v. Emma E. Billig, now Emma E. Reinhold, and A. H. Reinhold, her husband. Before RICE, P. J., ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ.    Affirmed.

Rule to open judgment.

SCHUYLER, P. J., filed the following opinion:

This is a rule to open a judgment against a mortgagor after two returns of nihil. At the time the mortgage was executed the mortgagor was a single woman, but prior to the issuing of the present writ she married A. H. Reinbold, her codefendant and the present petitioner. It now appears that she was dead when the writ issued. " Two returns of nihil are equivalent to a return of scire feci and the legal validity of a judgment entered thereon for want of an appearance cannot be impeached by evidence that the mortgagor was dead. This well-established rule does not prevent the exercise by the court of its equitable powers to open the judgment where justice requires

it and prompt application is made : " Luzerne Bldg. &. Savings Assn. v. Engle, 5 Kulp, 105.

Does then " justice require " that this judgment be opened, and if so has " prompt application " been made to that end? Outside of a number of technical objections, which because of their triviality should not have been made, the only grievance complained of is that the judgment includes too much interest. In support of this complaint the petitioner sets up an alleged tender. " The burden of proof rests upon the party who pleads a tender," and the evidence must be " clear and satisfactory : " 28 Am. and Eng. Ency. of Law (2d ed.) 42.

Tested by this rule the evidence before us taken as a whole falls far short of the required standard. Moreover, there is no pretense that the tender was kept good, as required by the overwhelming weight of authority : Summerson v. Hicks, 134 Pa. 566.

But even if a valid tender had been established, the petitioner is clearly guilty of laches. The alleged tender was made June 5, 1902 ; the judgment sought to be opened was entered August 23, 1904, and the present petition was not filed until December 5, 1904, at which time a levari facias had been issued, and the property advertised for sale. As a party to the record the petitioner cannot plead ignorance of the impending danger, and, being one of his wife's executors, there was nothing to prevent his filing an answer, as such, before judgment, he having been personally served as early as December 5, 1901. His failure to do so was gross carelessness against which equity affords no protection.

January 9, 1905. Rule discharged and petition dismissed.

*Error assigned* was order discharging the rule.

*Harry C. Cope*, for appellant.—If it is shown to the court that the mortgagor was dead when the writ was issued, a judgment recovered by default for want of an appearance, on two returns of nihil, will be set aside and stricken off. But this must be done before the rights of third parties have intervened : Warder v. Tainter, 4 Watts, 270 ; Stevenson v. Virtue, 13 Pa. Superior Ct. 103 ; Sleeper v. Hickey, 26 Pa. Superior Ct. 59 ; First Nat. Bank of Kane v. Ryan, 14 Pa. Dist. Rep. 450 ;

Stewart, Executrix, v. Oatman, 11 Pa. Dist. Rep. 635; Lavin v. Stephens, 10 Kulp, 423; Luzerne Bldg. & Savings Assn. v. Engle, 5 Kulp 105.

Under the evidence as contained in the depositions taken in support of and against the rule, there can be no doubt whatever but that the tender made was a good and valid tender, which Mrs. Keen was required to accept on pain of losing interest that might subsequently accrue : Hummel v. Brown, 24 Pa. 310; Vandergrift's App., 80 Pa. 116; Henry v. Raiman, 25 Pa. 354; Williams v. Bentley, 27 Pa. 294.

*Clinton A. Groman*, with him *Milton C. Henninger*, for appellee.—The allegations made by Allen H. Reinbold in the petition to open the judgment, to the effect that the legatees were not made parties to the proceedings in the scire facias on the mortgage can in no wise defeat the regularity of the proceedings in this case : Taylor v. Young, 71 Pa. 81; Rushton v. Lippincott, 119 Pa. 12; Chambers v. Carson, 2 Whart. 365.

The allegation of appellant, that the judgment was irregularly entered for want of an appearance, on two returns of nihil, is unmeritorious : Taylor v. Young, 71 Pa. 81.

A mere offer to pay the money is not, in legal strictness, a tender; and even if the tender was in itself sufficient, the defendant is not entitled to take advantage of it, unless he pleads it, and brings the money into court : Sheredine v. Gaul, 2 Dallas, 190; Pennock v. Stewart, 104 Pa. 184.

PER CURIAM, January 13, 1906 :

Notwithstanding the ingenious argument of the learned counsel for the appellant, a careful examination of the record and evidence brought before us upon this appeal has convinced us that the question of the correctness of the order appealed from depends, after all, upon the questions of tender and laches. It is true that a question is raised in the appellant's brief as to whether there was a default under the terms and conditions of the mortgage, but upon that question it seems to us that the defendant took inconsistent positions, and that the court was perfectly justified, in view of all the matters alleged in his answer and his petition to open, in assuming that the substantial

trial matter in controversy was the alleged tender.    In support of this we refer to the following clause in the answer: " The defendant admits that there is due upon said mortgage the principal sum claimed $880, interest from November 1, 1899, to June, 1902, the date of said tender, but denies that there is interest due as claimed by the use plaintiff, to August 22, 1904." As is shown in the opinion of the learned judge the burden of proof was on the defendant, and while we do not say that there was not testimony from which the fact of tender could be found, we are nevertheless of opinion that the fact was not so clearly established that the court was not justified in refusing to open the judgment, especially in view of the appellant's delay, and his failure to keep up the tender.    The rule upon the subject of the review of the refusal to open judgment where there is conflicting testimony is well understood and need not be reiterated.    We are of opinion that it does not require a reversal of the action of the court.    The principles of law applicable to two returns of nihil to successive writs of sci. fa. sur mortgage are clearly and concisely stated in the opinion of the learned judge and further discussion seems unnecessary.

The order is affirmed and appeal dismissed at the costs of the appellant.